■ In the Matter of the Estate of ROBERT HUYOT, Deceased. BONNIE HUYOT-RENOIR, Appellant; MARILESE FLUSSER et al., Respondents. [666 NYS2d 697] —In a proceeding, *inter alia,* to assert a right of election pursuant to EPTL 5-1.1-A, the petitioner appeals from a decree of the Surrogate's Court, Queens County (Braatz, S.), dated June 7, 1996, which, *inter alia,* dismissed so much of the petition as was to elect against the will of Robert Huyot.

Ordered that the decree is affirmed, with costs payable by the appellant to the respondents Marilese Flusser, Suzanne Matthau, and Nicole Stevenson.

The Surrogate properly concluded that there is a distinction between "marriage" and "concubinage" under French law that is "more than mere language". While the petitioner may enjoy

some rights under French law as a result of her past relationship with the decedent, and while some of these rights may be similar or the same as those of married persons in France, these rights do not give the parties the status of husband and wife or make the parties the equivalent of husband and wife (*see, Matter of Jenkins,* 133 Misc 2d 420). The parties were not married under French law and were not each other's spouse. Thus, the petitioner cannot now be deemed a surviving spouse for the purpose of asserting a right of election under New York law (*see,* EPTL 5-1.1-A). Accordingly, the Surrogate's Court properly dismissed so much of the petition as was to elect against the decedent's will. Bracken, J. P., Thompson, Krausman and Luciano, JJ., concur.